10-1835-ag
Fang v. Holder

BIA
Vomacka, IJ
A098 349 811

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand eleven.

PRESENT:
    GUIDO CALABRESI,
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

YU SAI FANG,
        *Petitioner,*

    v.                                    10-1835-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; John S. Hogan, Senior
                       Litigation Counsel; Stefanie A.
                       Svoren, Trial Attorney, Civil
                       Division, Office of Immigration
                       Litigation, U.S. Department of
                       Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yu Sai Fang, a native and citizen of China, seeks review of an April 13, 2010, decision of the BIA affirming the May 13, 2008, decision of Immigration Judge ("IJ") Alan Vomacka denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Sai Fang*, No. A098 349 811 (B.I.A. Apr. 13, 2010), *aff'g* No. A098 349 811 (Immig. Ct. N.Y.C. May 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision minus the arguments for denying relief that were not affirmed by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007). Because the BIA did not affirm the IJ's credibility determination, we address only the agency's

2

denial of relief based on Fang's failure to meet her burden of proof. *See Xue Hong Yang*, 426 F.3d at 522; *Chuilu Liu v. Holder*, 575 F.3d 193, 196-98 (2d Cir. 2009).

The agency reasonably concluded that Fang failed to meet her burden of proof. Although an applicant's credible testimony alone may be enough to carry her burden of proof, 8 C.F.R. § 208.13(a), the agency may nonetheless require that testimony be corroborated if one would reasonably expect corroborating evidence to be available. *See Chuilu Liu*, 575 F.3d at 196-98.

In determining that Fang's testimony was insufficiently detailed, consistent, or believable, and thus required corroboration, the agency reasonably relied upon inconsistencies between her testimony and the transcript of her husband's testimony at his own hearing regarding the details of her abortion, whether they would be permitted to have an additional child under the family planning policy, and when Fang had been forced to have an intrauterine device inserted. The agency was not required to credit Fang's explanation that her account was correct and her husband's account was incorrect. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent

3

testimony unless those explanations would compel a reasonable fact-finder to do so).  Although Fang claims that reliance on her husband's hearing transcript, when he was found not credible, violated her right to due process, because the agency did not rely on this transcript to make an adverse credibility determination, but only to support its finding that Fang needed to provide corroboration, Fang has not established that she was denied a full and fair opportunity to present her claims or was otherwise deprived of fundamental fairness.  *See Burger v. Gonzales,* 498 F.3d 131, 134 (2d Cir. 2007).

The agency's determination that further corroboration was required also is supported by its finding that Fang's submission of an abortion certificate undermined her testimony that she was forced to undergo an abortion, as she was not able to offer a reasonable explanation for why she was issued the certificate or why she did not take steps to verify its authenticity after a government investigation concluded it did not conform with other abortion certificates.  *See Tu Lin v. Gonzales*,  446 F.3d 395, 400 (2d Cir. 2006) (explaining that an IJ may properly disbelieve an asylum applicant's claim that the Chinese government issued an abortion certificate following an

4

involuntary abortion, when the State Department reports that its officials are "unaware" of the Chinese government issuing such certificates for anything other than voluntary abortions).

Given these inconsistencies and the questionable nature of the abortion certificate, the agency was permitted to require corroborating evidence. *See Chuilu Liu*, 575 F.3d at 196-98. While Fang argues that the agency failed to find that the requested corroborating evidence was reasonably available to her, the agency specifically found that Fang's husband failed to testify or provide an affidavit, that Fang failed to present medical documents or accident reports regarding her husband's accident, or affidavits from her husband's parents as to her husband's disappearance, and that Fang failed to establish that this evidence was not reasonably available. While Fang further argues that the agency erred in concluding that the evidence was reasonably available to her, as the agency noted, Fang indicated that she was in contact with her husband's parents, who were taking care of her daughter, and explained only that it would be difficult for them to provide a letter because they were illiterate and old. *See Chuilu Liu*, 575 F.3d at 197-98; 8 U.S.C. § 1252(b)(4). The agency also reasonably

5

concluded that Fang's daughter's birth certificate was reasonably available, as Fang testified that she had the original birth certificate in China. *Chuilu Liu*, 575 F.3d at 197-98.

Given that Fang did not present evidence reasonably available to her to support her claim, the agency did not err in determining that she failed to demonstrate her eligibility for asylum or withholding of removal. *See Chuilu Liu*, 575 F.3d at 196-99.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk